THE STATE OF MISSOURI ex rel. R. O. KERBY,
Relator, Respondent, v. DISTRICT SCHOOL
BOARD et al., Appellants.

**Kansas City Court of Appeals, January 5, 1903.**

1. **Schools: DEFINITIONS: INCIDENTAL: CONTINGENT: SCHOOL
   FUNDS.** In the school law the terms "incidental fund" and "contingent fund" are used interchangeably, and the term "school fund"
   is generic embracing the three . distinct funds provided by the
   statute.

2. ————: CLAIMS AGAINST DISTRICT: SPECIFIC FUND:
   BREACH OF CONTRACT. No claim arises against a school district except under contract, and the averment that it arises from
   a breach of contract is insufficient to indicate out of what fund it
   should be paid. ·

3. ————: ————: ————: JUDGMENT. The fact that a claim may
   be reduced to a judgment does not make it payable out of the
   incidental fund. It should be shown that the contract on which
   the judgment was based related to matters payable out of such
   fund.

4. ————: ————: ————: ————: OTHER EXPENSES. It may
   be shown that a judgment is payable out of the incidental fund
   by showing that it was not for teacher's wages or for building, as
   the words "all other expenses" comprehend any claim not payable
   out of the other funds.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

REVERSED AND REMANDED.

*R. B. Middlebrook* for appellants.

(1) This is a case where a statute enumerates particular classes of indebtedness which the district directors are authorized to incur as incidentals, followed by
the general words, ''all other expenses,'' and these general words will be limited in their meaning and restricted in their operation to indebtedness of like kind
with those particularly specified.   St. Louis v. Laughlin,

49 Mo. 559; Dart v. Bagley, 110 Mo. 54; Miller v. Wagenhauser, 18 Mo. App. 14; State ex rel. v. Ennis, 79 Mo. App. 12; McCutcheon v. Railroad, 72 Mo. App. 275. (2) School districts are only quasi-public corporations. Their directors are compelled when drawing warrants and performing other similar acts, to follow the statute with great particularity. The courts have so held with practical unanimity, and the Legislature of Missouri seems to have determined with unusual scrutiny and precision that these officers should walk in a very straight and narrow path. 1 Dillon on Mun. Corp. (4 Ed.), secs. 25 and 26; Buchanan v. School District, 25 Mo. App. 85; Beach v. Leahy, 11 Kan. 299; Armstrong v. School Dist., 28 Mo. App. 169; Harris v. School Dist., 8 Foster (N. H.) 58; Secs. 9788, 9789 and 9790, R. S. 1899. (3) The supreme court of this State has expressly decided that it is permissible to ascertain the nature and character of the alleged indebtedness out of which the judgment arose—in determining whether a mandamus shall issue to compel the drawing of a warrant against the general fund of a county, to pay such judgment. In this case the plaintiff has neither alleged nor proved the existence of a general fund of any sort, but tries to treat the incidental fund as a general fund, when the statute provides otherwise. State ex rel. v. County Court, 68 Mo. 29; State ex rel. v. Trammel, 106 Mo. 510.

*J. Allen Prewitt* for respondent.

(1) Defendant's motion to quash alternative writ in the court below was properly overruled. State ex rel. v. Moss, 35 Mo. App. 441; Sec. 634, R. S. 1899. (2) Though improperly overruled they can not now complain as they did not stand on their motion to quash but undertook to make return. (3) Defendant's return was not sufficient. A return contemplates something more than a mere denial of the allegations of the alternative writ. 13 Ency. Pl. & Pr., pp. 716, 717, 718, 719, 720, 721, and citations in notes; State ex rel. v. Beyers, 41

Mo. App. 503. (4) The return must show affirmatively, some valid reason for not complying with the command of the writ. State ex rel. v. Beyers, 41 Mo. App. 507; State ex rel. v. Williams, 96 Mo. 14; The Missouri statute clearly indicates this. Sections 4302 and 4303, R. S. 1899; State ex rel. v. County Court, 41 Mo. 545. (5) A final judgment in a cause merges the cause of action into the judgment. The recovery of a judgment extinguishes the cause of action. When this judgment was obtained the original cause of action was extinguished and the debt of defendants to plaintiff was thereafter a judgment. Tourville v. Railroad, 148 Mo. 614; Winham v. Kline, 77 Mo. App. 36; Rice v. McClure, 74 Mo. App. 379; Cowgill v. Robberson, 75 Mo. App. 412. Relator's claim, then, being a judgment, was payable out of the contingent fund. Sections 9788 and 9789, R. S. 1899.

SMITH, P. J.—This is a proceeding by mandamus commenced in the circuit court where the relator had judgment and the respondent appealed.

The alternative writ alleged that the relator on the 4th day of January, 1895, in the court of Samuel Robertson, justice of the peace, Jackson county, Missouri, a court of competent and duly conferred jurisdiction, obtained judgment *for breach of contract* for the sum of $100 together with the sum of $48.90 cost, against District No. 2, township 50, range 32, in Jackson county, Missouri, the same being a school district corporation organized under the laws of the State of Missouri; that said judgment was duly and regularly rendered and has not been appealed from, and that on the 15th day of January, 1895, execution was issued thereon according to law and was delivered to the proper officer for collection; that there was no property belonging to said district upon which said officer could levy under the said execution, and that the same was returned unsatisfied on the 4th day of April, 1895; that said judgment or any part thereof has never been paid but still remains due from said district to plaintiff, and that said

judgment has been duly and regularly revived and kept in force and is now in full force and effect, and that an execution thereon will not, and can not avail anything for plaintiff for the reason that there are now no funds on which to levy the same; that the board of directors of said district consists of defendants J. D. Cusenberry, Jr., M. M. Hobson and M. L. Earhart; that the total amount now due on said judgment, including interest and costs, is $157.15; that it is now and has been since the rendition of said judgment the duty of said board of directors to draw a warrant to the treasurer of Jackson county, Missouri, directing the payment to relator of the full amount of said judgment, interest and costs out of any moneys belonging to such district for such purpose.

That there is now on hand in the custody of the county treasurer of Jackson county, belonging to said school district the following funds, to-wit: teachers' fund, $1,138.57; incidental fund, $381.44; building fund, $41.11, and sinking fund, $304.06, making in the aggregate the sum of $1,865.16, belonging to said school district, and from which it is now and has been the duty of said board of directors to pay the indebtedness of said district; that it is now and has been since the rendition of said judgment the duty of said board of directors to draw a warrant to the county treasurer against the incidental fund of said district for the payment of the judgment, interest and costs aforesaid; that the said board of directors since the rendition of the judgment aforesaid have utterly failed and refused to do their duty in the premises, and although they now have on hand in the proper fund belonging to said district and from which plaintiff's judgment can legally be paid, more than enough money to pay said judgment, interest and cost, yet the said board of directors have failed and do now refuse to pay the same, or to issue to relator a warrant to the county treasurer against the proper fund to cover the said judgment, interest and cost, as they are in duty bound to do; that the relator has no remedy by or through the ordinary process or proceedings at

law, by which to procure the payment of said judgment, interest and cost.

The respondent filed a motion to quash on the double ground (1) that the judgment referred to in the writ was not pleaded with sufficient certainty to enable the court to ascertain the character of the obligation on which it (the judgment) was given, and (2) because it (the writ) did not state facts sufficient to constitute a cause of action, and which said motion was overruled and exceptions duly taken.

The question thus raised must be determined by reference to pertinent provisions of the statute. Section 9789 requires the school fund of each district to be divided into three distinct parts, to be specified as the "teachers' fund," "incidental fund" and "building fund." It further requires the county treasurer to open an account for each fund so specified and that all moneys received from state, county and township funds, and all moneys derived from taxation for teachers wages and all tuition fees and all back taxes be placed to the credit of the "teachers' fund;" that the money derived from taxation for incidental expenses be credited to the "incidental fund," and that all moneys derived from taxation for building purposes from the sale of a school site, schoolhouse or school furniture, fire insurance, from sale of bonds, from sinking fund and interest be placed to the credit of the "building fund." It also prohibits any county treasurer to honor any warrant unless drawn in proper form and upon the *appropriate fund, etc.*

Section 9790 requires that all moneys arising from taxation shall be paid out only for the purposes for which they were levied and collected, and that the income from state, county and township funds be applied only to the payment of teachers' services. Section 9788 makes it the duty of the district clerk, upon the orders of the board of directors, to draw warrants on the county treasurer in favor of any party to whom the district has become legally indebted, either for services as teacher, for material purchased for use of the school

or material or labor in the erection of a schoolhouse—the warrant to be paid out of any moneys in the appropriate fund. This last section further provides that *"the species of indebtedness must be clearly stated and drawn on the appropriate fund,* that is to say, all moneys for teachers' wages on *the teachers' fund;* all moneys used in purchasing a site and the erection of buildings thereon and furnishing the same on the "building fund," and *all other expenses on the "contingent fund."*

It will be observed that the terms "incidental fund" and "contingent fund" are used interchangeably in these statutory provisions; and further that the term "school fund" is generic, embracing three distinct species.

Under the prohibitory mandates of the statute, a board of directors may not order, nor a county treasurer pay, a warrant unless it be specified therein whether or not the claim of indebtedness be either for services as teacher, material purchased for use of the school, or for labor in the erection of a schoolhouse. No claim against a school district payable out of any one of the specified funds can arise except out of a contract and therefore the presentation of a claim whether it be in the form of a judgment or otherwise, which shows no more than that it arose on a contract without specifying the subject-matter of such contract is too vague and indefinite to justify the board of directors in ordering a warrant to be drawn therefor on any specified fund. How can it (the board) in such case tell which is the appropriate fund on which to order the warrant? The claim may be for teachers' wages, for material purchased for use of the school, or services of a janitor, or for material, or labor in the erection of a schoolhouse, and yet arise out of "breach of contract." The board of directors is not at its peril required to guess the fund against which it is to order the warrant drawn for the amount of the claim. Neither of these specified funds can be applied to the payment of a claim which the statute requires to be paid out of one of the others. If the writ had stated the nature of the contract for the breach of

which the judgment of the justice was given, then in all probability we would be able to determine whether or not it was the duty of the respondents to order a warrant to be drawn on any specific fund, but in the absence of such a statement we are unable to say they have neglected any particular duty.

We are unable to yield our assent to the relator's contention that since his claim is merged into a judgment and thereby becomes extinguished, it results as a legal consequence that the judgment must be satisfied out of the "incidental fund." Suppose the claim arose out of a breach of contract for the payment of teachers' wages, or for materials or services for the erection of a schoolhouse, can it be that such claim because merged into a judgment becomes payable out of the "incidental fund?" If this is so, what becomes of the statutory requirement that each indebtedness of the district must be paid out of the appropriate fund? Can an indebtedness for teachers' wages or for services in erecting a schoolhouse be made to become a charge against the "incidental fund" by converting it into a judgment? The bare statement of this proposition furnishes its own refutation.

It is further contended that the words "all other expenses," already quoted from section 9788, authorize the payment of the judgment out of the "incidental fund," since it does not affirmatively appear to be payable out of any specific fund. No doubt if it appeared that the claim was not payable out of either the teachers' fund or the building fund, it would then fall within the class payable out of the "incidental fund," but until this appears we can not see how it can be said to be appropriately paid out of any one fund more than another. The words "all other expenses" as used by the lawmaker, even as shown by the connection with others in which they stand related in this section, clearly intended to comprehend any claim not payable out of either of the other funds. It follows that, if one has a legal debt against a district which is neither payable out of the teachers' nor building fund, it must be payable out of

·the "incidental fund," and this can not be determined except by reference to the contract out of which it arose.

As it does not appear that the judgment should be satisfied out of a specific fund, or that it can not be paid out of either the teachers' or building fund, we can not discover that the respondents neglected any duty the performance of which can be enforced by mandamus. Accordingly we think it was error to overrule the motion to quash the alternative, and therefore the judgment will be reversed and cause remanded.    All concur.